UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND GAYLE,

    Plaintiff

v.

YORK COUNTY PRISON,

    Defendant

: CIVIL NO. 1:CV-00-0881
:
: (Judge Caldwell)

FILED
HARRISBURG, PA

JUN 1 5 2000

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

**Memorandum and Order**

I. Introduction

    Desmond Gayle, an inmate at the York County Prison, York, Pennsylvania, filed this civil rights action pursuant 42 U.S.C. § 1983. He proceeds in forma pauperis. Named as defendant is the York County Prison. The instant complaint is before the court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons that follow, Plaintiff will be required to file an amended complaint within twenty (20) days of the date of this order or the complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as legally frivolous.

II. Background

    In his complaint Plaintiff contends that on April 15, 2000, he was placed in solitary confinement unjustly. The following day he states that he got sick on the "foodloaf" that he is served for breakfast, lunch and dinner every day. He claims that the foodloaf is made of 50% sugar and makes him ill. He was apparently taken to the infirmary on April 16, 2000, and was told by the nurses that there was nothing they could do to help him because they cannot change the food selections being served to those confined in solitary. As relief, Plaintiff seeks to be compensated in the amount of $3,000,000.00.

III. Discussion

Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) <u>is frivolous or malicious</u>; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.) When construing a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989).[1] "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

In order to state an actionable claim under Section 1983, the plaintiff must allege that some person has deprived him or her of a federal right, and that the person who caused the deprivation acted under color of state or territorial law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). A prerequisite for a viable civil rights claim is that a defendant participated in, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. <u>Gay v. Petsock</u>, 917 F.2d 768, 771 (3d Cir. 1990).

The only defendant named in this action is the York County Prison. With respect to said defendant, it is well-established that a prison or correctional facility is not a person

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990)(quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)). Clearly baseless factual contentions describe scenarios "clearly removed from reality." <u>Id</u>.

2

within the meaning of § 1983. See Thompkins v. Doe, et al., No. 99-3941, slip op. at 2-3 (3d Cir. March 16, 2000); Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Sponsler v. Berks County Prison, No. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. Feb. 28, 1995); Mitchell v. Chester County Farms Prison, 426 F. Supp. 71, 274 (E.D. Pa. 1976). Consequently, the complaint lacks an arguable legal basis under § 1983 on this basis.

To meet the standards set forth in Federal Rule of Civil Procedure 8, the complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. " Although there is not a heightened pleading standard in § 1983 cases,[2] a civil rights complaint, such as Plaintiff's, in order to comply with the standards of Rule 8 must at least set forth some modicum of facts which specifically identifies the conduct of a defendant that is asserted to have violated plaintiff's rights. See Jefferson v. Warden Dominick DeRose, No. 97-1268, slip op. at p.5 (M.D. Pa. November 3, 1997) (McClure, J.); Jones v. State of Pennsylvania, No. 96-0197, slip op. at p.3 (M.D. Pa. February 13, 1996)(Caldwell, J). A civil rights complaint can meet this standard if it alleges the unlawful conduct, the date and place of that conduct, and the identity of the defendant responsible. Id.

In the instant action, although Plaintiff does specify when and where the alleged violations occurred, he fails to identify any individual defendant responsible for the alleged unlawful acts. As such, he will be afforded twenty (20) days within which to file an amended complaint. Plaintiff is advised, however, that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint

---

[2] See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993).

3

without reference to the complaint already filed." <u>Young</u>, 809 F.Supp. 1185, 1198 (M.D. Pa. 1992).[3]

AND NOW, THIS 15th DAY OF JUNE, 2000, IT IS HEREBY ORDERED AS FOLLOWS:

1. Within twenty (20) days of the date of this Order, Plaintiff shall file an amended complaint as prescribed herein.

2. The Clerk of Court is directed to provide Plaintiff with two (2) copies of the court's form 42 U.S.C. § 1983 civil rights complaint.

3. If a proper amended complaint is not filed, the complaint will be dismissed without prejudice as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and the case will be closed.

*William W. Caldwell* (signature)
WILLIAM W. CALDWELL
United States District Judge

---

[3] Two copies of the court's form 42 U.S.C. § 1983 civil rights complaint are attached to this Order, which Plaintiff should use should he file an amended complaint.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

June 15, 2000

1:00-cv-00881   Gayle v. York County Prison

True and correct copies of the attached were mailed by the clerk to the following:

Desmond V. Gayle
CTY-YORK
York County Prison
55438
3400 Concord Road
York, PA  17402

w/ 2 copies of 42 U.S.C. 1983 Complt Forms.
as per
sent 6/15/00 JTB. Unda!

```
cc:
Judge                        ( ✓ )
Magistrate Judge             (  )
U.S. Marshal                 (  )
Probation                    (  )
U.S. Attorney                (  )
Atty. for Deft.              (  )
Defendant                    (  )
Warden                       (  )
Bureau of Prisons            (  )
Ct Reporter                  (  )
Ctroom Deputy                (  )
Orig-Security                (  )
Federal Public Defender      (  )
Summons Issued               (  )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5          (  )
Order to Show Cause          (  )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen    ( )   PA Atty Gen ( )
                                         DA of County   ( )   Respondents ( )
Bankruptcy Court             (  )
Other_____ (  )
```

MARY E. D'ANDREA, Clerk

DATE: 6/15/00               BY: _____
                                  Deputy Clerk