**ORIGINAL**



FILED
HARRISBURG, PA

SEP 1 5 2000

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND V. GAYLE<br>    Plaintiff | CIVIL NO. 1:00-CV-0881 |
| v. | (JUDGE WILLIAM W. CALDWELL) |
| TOM HOGAN (Warden)<br>ROGER THOMAS (Deputy Warden)<br>YORK COUNTY PRISON<br>    Defendants | |

**DEFENDANTS' BRIEF IN SUPPORT
OF A MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO F.R.C.P. 12(B)(6)**

I. **FACTS AND PROCEDURAL HISTORY**

On June 22, 2000, the Plaintiff, Desmond V. Gayle (hereinafter referred to as "Gayle"), filed a Complaint alleging a violation of the Federal Civil Rights Act.

Gayle's Complaint alleges that his Civil Rights were violated because he was "…placed in solitary confinement unjustly and was fed food loaf three times per day for 18 days." In addition, he claims that he became ill and when taken to the medical department, the nurses said that they cannot stop the food loaf because the Warden had ordered this type of nourishment for inmates located in the Behavior Adjustment Unit.

Gayle joins Deputy Warden Roger Thomas as a defendant, but makes no allegations in his Complaint concerning what, if anything, Deputy Warden Thomas did that violated his rights.

It is noted that after filing his Complaint, Gayle wrote one letter to the Board of Commissioners of York County, Pennsylvania and one letter to the Warden. In each of these letters, he made the request to exchange his law suit for his freedom, which he stated in a letter addressed to the Board of Commissioners as:

> "my freedom is worth more than money. I need my freedom and I miss my family very much. Sometimes I cry tears because I am longing to see my family. If you give me my freedom and a work permit so that I am able to work I will drop the law suit."
> Case number 1:CV-00-0881

Affidavits verifying the receipt of these letters and an affidavit verifying that the Plaintiff did not follow the administrative remedies established at the York County Prison are set forth as Exhibits to the Defendants' Brief.

Defendants have filed a 12(b)(6) Motion indicating that the Plaintiff's action should be dismissed because he failed to exhaust administrative remedies that were in place at the York County Prison to consider the alleged violations and because his claim was frivolous and malicious.

An affidavit filed by Deputy Warden Thomas confirms that an administrative system was in place in York County Prison at all relevant times and that Gayle had failed to comply with those administrative procedures. (See Affidavit of Deputy Warden Thomas)

II. **QUESTIONS PRESENTED FOR REVIEW**

   A. DOES PLAINTIFF'S COMPLAINT STATE A CAUSE OF ACTION AGAINST THE DEFENDANTS THAT IS COGNIZABLE IN THE UNITED STATES DISTRICT COURT?

III. **ARGUMENT**

   A. PLAINTIFF'S COMPLAINT DOES NOT STATE A CAUSE OF ACTION AGAINST THE DEFENDANTS THAT IS COGNIZABLE IN THE UNITED STATES DISTRICT COURT.

Gayle's Complaint against the Defendants, alleging a claim based upon 42 U.S.C. § 1983, should be dismissed for failure to allege facts sufficient to establish liability. 42 U.S.C. § 1997E prohibits the filing of an action under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility, **until such administrative remedies as are available are exhausted**.

In addition, 42 U.S.C. § 1997E(c) provides the following:

> 1. The Court shall on its own motion or on the motion of the party, dismiss any action brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility; and if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from relief.

In the case at hand, it is submitted that the Defendant has failed to comply with federal law. Gayle's Complaint indicates that there is, in fact, a prisoner grievance procedure in the York County Prison. However, the prisoner incorrectly states that he filed a grievance and the grievance process was completed.

The letters prepared by Gayle and mailed to the County Commissioners and to the Warden suggest that his lawsuit is nothing more than an effort to coerce the officials into releasing him from confinement.

It is submitted that this lawsuit is frivolous and malicious and should be dismissed.

## IV. CONCLUSION

The inmate in this case has failed to comply with federal law in failing to utilize administrative remedies that were available to him to address the conditions that are set forth in his Complaint.

It is also submitted that the Complaint is frivolous, and that the continued action by the inmate is malicious and a groundless effort to waste time, and to obtain relief for which he is not entitled. Gayle's complaint should be dismissed.

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Assistant Solicitor for York County

Dated: 9-15-00

## CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire certify that a true and correct copy of the foregoing Defendant's Brief In Support of A Motion To Dismiss Plaintiff's Complaint Pursuant To F.R.C.P.12 (B)(6) was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

Desmond V. Gayle
55438
York County Prison
3400 Concord Road
York, PA 17402

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Assistant Solicitor for York County

Dated: 9/15/00

08/18/00 15:03 FAX 717 771 9804   YORK COUNTY COMMISSIONER   ☒002/002

AUG 18 2000
YORK COUNTY
COMMISSIONERS OFFICE

To: The Board of
Commissioners,
Christopher. B. Reilly, President.
Robert A. Minnich
Shirley L. Glass.

County Administrative
offices,
One West Marketway, 4th floor
York, Pennsylvania. 17401.

York County Prison
3400 Concord Road
York, P.A. 17402
Date, August, 15, 2000

Name – Desmond. V. Gayle
Prison = # 55438
I.N.S # A74-891-110
Case No 1: CV-00-881 (Caldwell)

Your Respectfull
D.V. Gayle

Dear Sir And Madam,

Good Day!

I would like to come to a settlement, out of court, with my Lawsuite against you

My Freedom is worth more than money. I need my freedom, too And I miss my family very much.
Sometimes I cried tears, because I am longing to see my family.
IF you give me my freedom And a work-permitt, so I am able to work — I will drop the Lawsuite – Case No 1: CV-00-8
D.V. Gayle

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND V. GAYLE<br>Plaintiff | CIVIL NO. 1:00-CV-0881 |
| v. | (JUDGE WILLIAM W. CALDWELL) |
| TOM HOGAN (Warden)<br>ROGER THOMAS (Deputy Warden)<br>YORK COUNTY PRISON<br>Defendants | |

### AFFIDAVIT OF DEPUTY WARDEN ROGER THOMAS

Deputy Warden Roger Thomas, being duly sworn, deposes and says:

My name is Roger Thomas. I am a deputy warden at the York County Prison. In September of 1999 and up to the present time, I have served as Deputy Warden for the York County Prison. This affidavit is based upon my personal knowledge and information. I am competent to testify and would state as follows if called as a witness at trial:

1.

I am a Deputy Warden at the York County Prison and was serving in that capacity during the entire time inmate Desmond V. Gayle was confined in the York County Prison and continued to be Deputy Warden through the present time.

2.

On and before April, 2000, and up to the present time, the York County Prison had a grievance system in affect. A copy of the grievance system, marked Exhibit "A" is appended hereto and made a part hereof.

3.

I am custodian of all of the grievances filed by inmates.

4.

I certify that Desmond V. Gayle did not file a grievance concerning his confinement in the Behavioral Adjustment Unit in April, 2000.

5.

No 801 or grievance was ever filed by this inmate objecting to any of the confinement conditions in the Behavioral Adjustment Unit or the alleged improper treatment set forth in his complaint.

6.

I am the custodian of the letter sent by inmate Desmond V. Gayle, dated August 15, 2000, which is appended as Exhibit "B."

_____
Witness

_____
Deputy Warden Roger Thomas

Sworn or affirmed to and subscribed to before me, this 15th day of September, 2000

_____
Notary Public
MY COMMISSION EXPIRES:

Notarial Seal
Deborah C. Keeports, Notary Public
Springettsbury Twp., York County
My Commission Expires July 21, 2003
Member, Pennsylvania Association of Notaries

AMENDMENT TO PROCEDURES MANUAL FOR
THE YORK COUNTY PRISON

WHEREAS, the York County Prison Board has full authority by virtue of the Act of January 25, 1966, P.L. (1965) 1577 § 2; 61 P.S. § 409, as amended, to make rules and regulations for the government and management of the Prison, and the safekeeping, discipline and employment of the prisoners as may be deemed necessary; and

WHEREAS, the York County Prison Board has determined to adopt Prisoner Grievance Procedures to assure full, fair and just evaluation and determination of prisoner grievances;

NOW, THEREFORE, the following Grievance Procedures and Inmate Complaint Review System is established for the York County Prison:

## YORK COUNTY PRISON GRIEVANCE PROCEDURES

3-ALDF-3E-11 (modified)    INMATE COMPLAINT REVIEW SYSTEM (CRS) OF "801"

PURPOSE:

The Complaint Review System (CRS) is intended as a formal and objective review of the complaints by residents at the York County Prison in order to remedy specific situations (when necessary) and to help identify procedural problem areas at this institution. Complaints will be submitted on an "801" form and known as a "Complaint" or "801."

STRUCTURE

All resident complaints are to be directed (in writing) to the designated "Complaint Supervisor." The Complaint Supervisor. The complaint Supervisor is responsible to, and reports directly to, the Deputy Warden for Treatment of the York County Prison.

Appeals arising in the CRS process shall be reviewed by the Deputy Warden of the York County Prison. If the complainant is dissatisfied with the initial appeal determination, a screening review may be requested. A County Solicitor, designated by the County Prison Board, shall perform the screening review following the established guidelines and may recommend a review of the case by the Complaint Review Board.

GENERAL PROVISIONS

A. The Deputy Warden, or the Appeals Board, outlined in the above section may at any time:

1. Dismiss or order held in abeyance, any complaint filed in this system which is being litigated in court.

2. Dismiss or order held in abeyance, any complaint involving subject matter which he (or it) deems appropriate for consideration only by a court or other established and available form.

B. No resident shall be disciplined for filing a complaint, or otherwise pursuing a remedy in this complaint system, but no immunity is afforded herein to any person from civil or criminal liability for any of his/her acts or statements.

139

3. Upon receipt of a complaint, the Complaint Supervisor will assign a registry number and enter that number, the date received, the name of the complainant, and other information requested in the complaint register. Once a registry number is assigned, it becomes THE method of identification of the complaint, throughout the system, and should be included on every form relating to the complaint.

4. The Complaint Supervisor shall proceed to investigate the complaint (interviews, etc.) And shall provide a form to all staff members, or other individuals working in the institution, mentioned in the complain, in order that they may report their involvement with the complainant. The staff member is to respond to the Complaint Supervisor within forty-eight (48) hours of receipt of the form.

5. After review by the Complaint Supervisor, of all factors that he deems relevant to the complaint, he shall file a written report containing a written summary of the facts as they appear to him, what steps or measures he has taken, the results he has achieved, the conclusions he has formed, and his recommendations. This written summary and recommendations shall be delivered to the Deputy Warden for Treatment with copies to the complainant and all staff members mentioned in the complaint, no later than ten (10) working days after receipt of the complaint.

6. If there is an objection by any party to the recommendation of the Complaint Supervisor, that party my file an appeal, within five (5) days of the issuance of the report. If there is no appeal, by the parties involved, the recommendation is implemented and where appropriate, an administrative directive issued on the subject. The Deputy Warden is to reply to all concerned parties and the Complaint Supervisor, within twenty-one (21) days of the appeal notice.

7. If any party disagrees with the decision of the Deputy Warden, an appeal to the Solicitor, for relief or determination by the Complaint Review Board, shall include a statement that the appeal is not being made without valid grounds and the reasons for granting the appeal and relief requested shall be set forth in writing.

8. Upon final disposition of a complaint, the packet of forms consisting of: the original complaint, acknowledgment, staff reports, the report of the Complaint Supervisor, and a copy of the appeals proceedings are to be filed numerically by the registry number.

F. Requests for Administrative Staff Interview:

All requests for an interview with an Administrative Staff member must be on the "Request Form" provided and must include some indication of the reason for the request.

Do not use an "801" form as a "Request."

141

C. Notice of Review

1. Grievances dealing with use of unreasonable force, threat of unreasonable force or commission of any crime, shall be forwarded to the Solicitor for review and reporting to the Prison Board, regardless of the disposition.

2. Grievances dealing with racial slurs, actual or threatened discrimination, shall be forwarded to the Solicitor for review and reporting to the Prison Board, regardless of the disposition.

3. Any grievance or category of grievance, shall be upon request of the Solicitor, forwarded to the solicitor for review and reporting to the Prison Board, regardless of the disposition.

## COMPLAINT REVIEW BOARD

A. Composition:

The Complaint Review Board shall be composed of a member of the Prison Board, the Warden or his designated replacement, and a civilian representative approved by the Prison Board, who shall serve for a four-year term. Such a representative may serve successive terms.

B. Legal Support

The County Solicitor shall provide legal support to the Complaint Review Board, and shall act as an impartial legal advisor to the Board. The Solicitor shall perform direct examination of witnesses, present such evidence as deemed appropriate, and assist the Complaint Review Board in making findings and recommendations.

C. Practice and Procedure

1. Rules of Evidence.

   Strict rules of evidence shall not apply. Any item or matter which is relevant and material to the matter under consideration, may be considered by the Complaint Review Board.

2. Discovery.

   The Complaint review Board's purpose is to obtain as much information concerning the subject matter as possible and may determine to allow a prisoner, or his representative, to have access to the matters investigate, if such access is approved by the Solicitor, and does not violate any privilege or jeopardize or inhibit any criminal investigation.

3. Right of Counsel.

   Any Complainant shall have the right to be present before the complaint Review Board in person, or at the Complainants's cost, by counsel.

4. Record.

   A verbatim record shall be made of all proceedings.

## COMPLAINT SUPERVISOR

(Definition of Position)

### REQUIREMENTS:

1. The Complaint Supervisor must be currently employed at the York County Prison, and not on probationary status.

2. The Complaint Supervisor is appointed by the Warden of the York County Prison.

### DUTIES:

1. The Complaint Supervisor is charged with the collection and processing of all Inmate complaints properly entered into the Complaint Review System.

2. The Complaint Supervisor will investigate each complaint, keep accurate records relating to each complaint, and provide written reports for each complaint relating to action taken or recommendations made.

3. The Complaint Supervisor shall report to and is responsible to the Deputy Warden for Treatment of the York County Prison.

4. The Complaint Supervisor may be the Deputy Warden for Treatment. In the event the Deputy Warden for Treatment is acting as the Complaint Supervisor, he shall report to the Deputy Warden for Security.

### AUTHORITY

1. The Complaint Supervisor has the authority to:

    a. Question all staff members, Inmates, or other personnel working within the Prison setting relative to the circumstances of a given complaint.

    b. Direct any staff member, other personnel, or Inmate to file a written report relating to their specific knowledge or involvement relative to an incident entered into the Complaint Review System.

    c. Examine any evidence and records relating to the area of the complaint.

    d. Exercise broad flexibility and discretion in dealing with a complaint.

To: The WARDEN
MR. HOGAN
York County Prison
3400 Concord Road
York, P.A. 17402

York County Prison
3400 Concord Road,
York, P.A. 17402
Date, August, 15, 2000

Name - Desmond. V. Gayle
#55438
I.N.S # A74-891-110

Dear MR. Hogan,

Good day Sir!

I would like to have, A One, on One, talk with you sir.

I need <u>ten (10) Minutes</u> of your time, to talk about a <u>Reasonable deal</u>

My Freedom is Important, <s>and worth more than money</s>, Any Amount of money.

I missed my family very much, some times I cried tears.

<u>This letter is pertaining to the Lawsuite,</u> that I have filed.

Sir I need your Reply "<u>urgently</u>"

Your Respectfull, D. V. Gayle

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DESMOND V. GAYLE<br>    Plaintiff | : CIVIL NO. 1:00-CV-0881 |
| v. | : (JUDGE WILLIAM W. CALDWELL) |
| TOM HOGAN (Warden)<br>ROGER THOMAS (Deputy Warden)<br>YORK COUNTY PRISON<br>    Defendants | : |

## CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire certify that a true and correct copy of the foregoing EXHIBITS TO DEFENDANTS' BRIEF IN SUPPORT OF A MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6) was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

Desmond V. Gayle
York County Prison -- 55438
3400 Concord Road
York, PA 17402

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Dated: 9-15-00

Assistant Solicitor for York County