

Law Clerk's Copy

FILED
HARRISBURG. PA

SEP 1 5 2000

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE        :      CIVIL NO.  1:00-CV-0881
       Plaintiff       :
          :
          :
      v.          :      (JUDGE WILLIAM W.CALDWELL)
          :
          :
TOM HOGAN (Warden)      :
ROGER THOMAS (Deputy Warden)   :
YORK COUNTY PRISON      :
       Defendants      :

## EXHIBITS TO
## DEFENDANTS' BRIEF IN SUPPORT
## OF A MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## PURSUANT TO F.R.C.P. 12(B)(6)

Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE                    :        CIVIL NO. 1:00-CV-0881
      Plaintiff                         :

        v.                             :        (JUDGE WILLIAM W.CALDWELL)

                                        :

TOM HOGAN (Warden)                  :
ROGER THOMAS (Deputy Warden)        :
YORK COUNTY PRISON                  :
      Defendants                        :

## AFFIDAVIT OF DONALD L. REIHART

Donald L. Reihart, being duly sworn, deposes and says:

My name is Donald L. Reihart. I am the Assistant Solicitor for York County. Since 1992, and up to the present time, I have served as Assistant Solicitor for York County. This affidavit is based upon my personal knowledge and information. I am competent to testify and would state as follows if called as a witness at trial:

1.

I am the Assistant Solicitor for York County and was serving in that capacity in July 2000, and continue to be an Assistant Solicitor for York County.

2.

In September of 1999, and up to the present time, the York County Prison had a grievance system in affect. A copy of the grievance system, marked Exhibit "A" is appended hereto and made a part hereof.

3.

I am custodian of all of the Appeals (806 Solicitor Review) of the grievances filed by the inmates.

4.

No request for a Solicitor's Review (806) was filed by Desmond V. Gayle concerning the matters set forth in his Complaint.

5.

Inmate Desmond V. Gayle did not use the administrative procedures available at the York County Prison to address the issues raised in the Complaint filed to Civil No. 1:00 CV-0881.

6.

I certify that the attached Exhibit "B" is a true copy of a letter mailed by inmate Desmond V. Gayle to the York County Commissioners.

_____
Witness
Sworn and subscribed to
before me this 15th day of
September , 2000

_____
Notary Public
MY COMMISSION EXPIRES:

_____
Donald L. Reihart
Assistant Solicitor

Notarial Seal
Deborah C. Keeports, Notary Public
Springettsbury Twp., York County
My Commission Expires July 21, 2003
Member, Pennsylvania Association of Notaries

## AMENDMENT TO PROCEDURES MANUAL FOR
## THE YORK COUNTY PRISON

WHEREAS, the York County Prison Board has full authority by virtue of the Act of January 25, 1966, P.L. (1965) 1577 § 2; 61 P.S. § 409, as amended, to make rules and regulations for the government and management of the Prison, and the safekeeping, discipline and employment of the prisoners as may be deemed necessary; and

WHEREAS, the York County Prison Board has determined to adopt Prisoner Grievance Procedures to assure full, fair and just evaluation and determination of prisoner grievances;

NOW, THEREFORE, the following Grievance Procedures and Inmate Complaint Review System is established for the York County Prison:

# YORK COUNTY PRISON GRIEVANCE PROCEDURES

**3-ALDF-3E-11**
**(modified)**

## INMATE COMPLAINT REVIEW SYSTEM (CRS) OF "801"

### PURPOSE:

The Complaint Review System (CRS) is intended as a formal and objective review of the complaints by residents at the York County Prison in order to remedy specific situations (when necessary) and to help identify procedural problem areas at this institution. Complaints will be submitted on an "801" form and known as a "Complaint" or "801."

### STRUCTURE

All resident complaints are to be directed (in writing) to the designated "Complaint Supervisor." The Complaint Supervisor. The complaint Supervisor is responsible to, and reports directly to, the Deputy Warden for Treatment of the York County Prison.

Appeals arising in the CRS process shall be reviewed by the Deputy Warden of the York County Prison. If the complainant is dissatisfied with the initial appeal determination, a screening review may be requested. A County Solicitor, designated by the County Prison Board, shall perform the screening review following the established guidelines and may recommend a review of the case by the Complaint Review Board.

### GENERAL PROVISIONS

A. The Deputy Warden, or the Appeals Board, outlined in the above section may at any time:

   1. Dismiss or order held in abeyance, any complaint filed in this system which is being litigated in court.

   2. Dismiss or order held in abeyance, any complaint involving subject matter which he (or it) deems appropriate for consideration only by a court or other established and available form.

B. No resident shall be disciplined for filing a complaint, or otherwise pursuing a remedy in this complaint system, but no immunity is afforded herein to any person from civil or criminal liability for any of his/her acts or statements.

139

3. Upon receipt of a complaint, the Complaint Supervisor will assign a registry number and enter that number, the date received, the name of the complainant, and other information requested in the complaint register. Once a registry number is assigned, it becomes THE method of identification of the complaint, throughout the system, and should be included on every form relating to the complaint.

4. The Complaint Supervisor shall proceed to investigate the complaint (interviews, etc.) And shall provide a form to all staff members, or other individuals working in the institution, mentioned in the complain, in order that they may report their involvement with the complainant. The staff member is to respond to the Complaint Supervisor within forty-eight (48) hours of receipt of the form.

5. After review by the Complaint Supervisor, of all factors that he deems relevant to the complaint, he shall file a written report containing a written summary of the facts as they appear to him, what steps or measures he has taken, the results he has achieved, the conclusions he has formed, and his recommendations. This written summary and recommendations shall be delivered to the Deputy Warden for Treatment with copies to the complainant and all staff members mentioned in the complaint, no later than ten (10) working days after receipt of the complaint.

6. If there is an objection by any party to the recommendation of the Complaint Supervisor, that party my file an appeal, within five (5) days of the issuance of the report. If there is no appeal, by the parties involved, the recommendation is implemented and where appropriate, an administrative directive issued on the subject. The Deputy Warden is to reply to all concerned parties and the Complaint Supervisor, within twenty-one (21) days of the appeal notice.

7. If any party disagrees with the decision of the Deputy Warden, an appeal to the Solicitor, for relief or determination by the Complaint Review Board, shall include a statement that the appeal is not being made without valid grounds and the reasons for granting the appeal and relief requested shall be set forth in writing.

8. Upon final disposition of a complaint, the packet of forms consisting of: the original complaint, acknowledgment, staff reports, the report of the Complaint Supervisor, and a copy of the appeals proceedings are to be filed numerically by the registry number.

F. Requests for Administrative Staff Interview:

All requests for an interview with an Administrative Staff member must be on the "Request Form" provided and must include some indication of the reason for the request.

Do not use an "801" form as a "Request."

C. Notice of Review

1.  Grievances dealing with use of unreasonable force, threat of unreasonable force or commission of any crime, shall be forwarded to the Solicitor for review and reporting to the Prison Board, regardless of the disposition.

2.  Grievances dealing with racial slurs, actual or threatened discrimination, shall be forwarded to the Solicitor for review and reporting to the Prison Board, regardless of the disposition.

3.  Any grievance or category of grievance, shall be upon request of the Solicitor, forwarded to the solicitor for review and reporting to the Prison Board, regardless of the disposition.

## COMPLAINT REVIEW BOARD

A.  Composition:

The Complaint Review Board shall be composed of a member of the Prison Board, the Warden or his designated replacement, and a civilian representative approved by the Prison Board, who shall serve for a four-year term. Such a representative may serve successive terms.

B.  Legal Support

The County Solicitor shall provide legal support to the Complaint Review Board, and shall act as an impartial legal advisor to the Board. The Solicitor shall perform direct examination of witnesses, present such evidence as deemed appropriate, and assist the Complaint Review Board in making findings and recommendations.

C.  Practice and Procedure

1.  Rules of Evidence.

Strict rules of evidence shall not apply. Any item or matter which is relevant and material to the matter under consideration, may be considered by the Complaint Review Board.

2.  Discovery.

The Complaint review Board's purpose is to obtain as much information concerning the subject matter as possible and may determine to allow a prisoner, or his representative, to have access to the matters investigate, if such access is approved by the Solicitor, and does not violate any privilege or jeopardize or inhibit any criminal investigation.

3.  Right of Counsel.

Any Complainant shall have the right to be present before the complaint Review Board in person, or at the Complainants's cost, by counsel.

4.  Record.

A verbatim record shall be made of all proceedings.

## COMPLAINT SUPERVISOR

(Definition of Position)

REQUIREMENTS:

1.  The Complaint Supervisor must be currently employed at the York County Prison, and not on probationary status.

2.  The Complaint Supervisor is appointed by the Warden of the York County Prison.

DUTIES:

1.  The Complaint Supervisor is charged with the collection and processing of all Inmate complaints properly entered into the Complaint Review System.

2.  The Complaint Supervisor will investigate each complaint, keep accurate records relating to each complaint, and provide written reports for each complaint relating to action taken or recommendations made.

3.  The Complaint Supervisor shall report to and is responsible to the Deputy Warden for Treatment of the York County Prison.

4.  The Complaint Supervisor may be the Deputy Warden for Treatment. In the event the Deputy Warden for Treatment is acting as the Complaint Supervisor, he shall report to the Deputy Warden for Security.

AUTHORITY

1.  The Complaint Supervisor has the authority to:

    a.  Question all staff members, Inmates, or other personnel working within the Prison setting relative to the circumstances of a given complaint.

    b.  Direct any staff member, other personnel, or Inmate to file a written report relating to their specific knowledge or involvement relative to an incident entered into the Complaint Review System.

    c.  Examine any evidence and records relating to the area of the complaint.

    d.  Exercise broad flexibility and discretion in dealing with a complaint.

08/18/00  15:03 FAX 717 771 9804        YORK COUNTY COMMISSIONER        ☒002/002

AUG 18 2000

YORK COUNTY
COMMISSIONERS OFFICE

York County Prison
3400 Concord Road
York, P.A. 17402
Date, August, 15, 2000

To: The Board of
Commissioners,
Christopher. B. Reilly, President.
Robert A. Minnich
Shirley L. Glass.

Name - Desmond. V. Gayle
Prison = # 55438
I.N.S # A74-891-110

County Administrative
offices,
One West Marketway, 4th floor
York, Pennsylvania. 17401.

Case No 1: CV-00-881 (Caldwell

Your Respectfull
T. Gayle

Dear Sir And Madam,

Good Day!

I would like to come to a settlement, out
of Court, with my Law-suite Against you.

My Freedom is worth more than money.
I need my freedom, too And I miss
my family very much.
Sometimes I cried tears, because I Am
longing to see my family.
       If you     give me my freedom,
And a work-permitt, so I Am able to work
- I will Drop the Lawsuite - Case No 1: CV-00-881
                                             T. Gayle

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE          :       CIVIL NO.  1:00-CV-0881
      Plaintiff              :

        v.                :       (JUDGE WILLIAM W.CALDWELL)

                                :

TOM HOGAN (Warden)          :
ROGER THOMAS (Deputy Warden)   :
YORK COUNTY PRISON
      Defendants            :

## AFFIDAVIT OF DEPUTY WARDEN ROGER THOMAS

Deputy Warden Roger Thomas, being duly sworn, deposes and says:

My name is Roger Thomas.  I am a deputy warden at the York County Prison.  In September of 1999 and up to the present time, I have served as Deputy Warden for the York County Prison.  This affidavit is based upon my personal knowledge and information.  I am competent to testify and would state as follows if called as a witness at trial:

1.

I am a Deputy Warden at the York County Prison and was serving in that capacity during the entire time inmate Desmond V. Gayle was confined in the York County Prison and continued to be Deputy Warden through the present  time.

2.

On and before April, 2000, and up to the present time, the York County Prison had a grievance system in affect.  A copy of the grievance system, marked Exhibit "A" is appended hereto and made a part hereof.

3.

I am custodian of all of the grievances filed by inmates.

4.

I certify that Desmond V. Gayle did not file a grievance concerning his confinement in the Behavioral Adjustment Unit in April, 2000.

5.

No 801 or grievance was ever filed by this inmate objecting to any of the confinement conditions in the Behavioral Adjustment Unit or the alleged improper treatment set forth in his complaint.

6.

I am the custodian of the letter sent by inmate Desmond V. Gayle, dated August 15, 2000, which is appended as Exhibit "B."


_____                    _____
       Witness                                Deputy Warden Roger Thomas


Sworn or affirmed to and subscribed to
before me, this _15th_ day of _September_ ,
2000

_____
       Notary Public
MY COMMISSION EXPIRES:

Notarial Seal
Deborah C. Keeports, Notary Public
Springettsbury Twp., York County
My Commission Expires July 21, 2003
Member, Pennsylvania Association of Notaries

<u>AMENDMENT TO PROCEDURES MANUAL FOR</u>
<u>THE YORK COUNTY PRISON</u>

<u>WHEREAS</u>, the York County Prison Board has full authority by virtue of the Act of January 25, 1966, P.L. (1965) 1577 § 2; 61 P.S. § 409, as amended, to make rules and regulations for the government and management of the Prison, and the safekeeping, discipline and employment of the prisoners as may be deemed necessary; and

<u>WHEREAS</u>, the York County Prison Board has determined to adopt Prisoner Grievance Procedures to assure full, fair and just evaluation and determination of prisoner grievances;

<u>NOW, THEREFORE</u>, the following Grievance Procedures and Inmate Complaint Review System is established for the York County Prison:

# YORK COUNTY PRISON GRIEVANCE PROCEDURES

**3-ALDF-3E-11**
(modified)

<u>INMATE COMPLAINT REVIEW SYSTEM (CRS) OF "801"</u>

<u>PURPOSE</u>:

The Complaint Review System (CRS) is intended as a formal and objective review of the complaints by residents at the York County Prison in order to remedy specific situations (when necessary) and to help identify procedural problem areas at this institution. Complaints will be submitted on an "801" form and known as a "<u>Complaint</u>" or "<u>801</u>."

<u>STRUCTURE</u>

All resident complaints are to be directed (in writing) to the designated "Complaint Supervisor." The Complaint Supervisor. The complaint Supervisor is responsible to, and reports directly to, the Deputy Warden for Treatment of the York County Prison.

Appeals arising in the CRS process shall be reviewed by the Deputy Warden of the York County Prison. If the complainant is dissatisfied with the initial appeal determination, a screening review may be requested. A County Solicitor, designated by the County Prison Board, shall perform the screening review following the established guidelines and may recommend a review of the case by the Complaint Review Board.

<u>GENERAL PROVISIONS</u>

A.   The Deputy Warden, or the Appeals Board, outlined in the above section may at any time:

1.   Dismiss or order held in abeyance, any complaint filed in this system which is being litigated in court.

2.   Dismiss or order held in abeyance, any complaint involving subject matter which he (or it) deems appropriate for consideration only by a court or other established and available form.

B.   No resident shall be disciplined for filing a complaint, or otherwise pursuing a remedy in this complaint system, but no immunity is afforded herein to any person from civil or criminal liability for any of his/her acts or statements.

3. Upon receipt of a complaint, the Complaint Supervisor will assign a registry number and enter that number, the date received, the name of the complainant, and other information requested in the complaint register. Once a registry number is assigned, it becomes THE method of identification of the complaint, throughout the system, and should be included on every form relating to the complaint.

4. The Complaint Supervisor shall proceed to investigate the complaint (interviews, etc.) And shall provide a form to all staff members, or other individuals working in the institution, mentioned in the complain, in order that they may report their involvement with the complainant. The staff member is to respond to the Complaint Supervisor within forty-eight (48) hours of receipt of the form.

5. After review by the Complaint Supervisor, of all factors that he deems relevant to the complaint, he shall file a written report containing a written summary of the facts as they appear to him, what steps or measures he has taken, the results he has achieved, the conclusions he has formed, and his recommendations. This written summary and recommendations shall be delivered to the Deputy Warden for Treatment with copies to the complainant and all staff members mentioned in the complaint, no later than ten (10) working days after receipt of the complaint.

6. If there is an objection by any party to the recommendation of the Complaint Supervisor, that party my file an appeal, within five (5) days of the issuance of the report. If there is no appeal, by the parties involved, the recommendation is implemented and where appropriate, an administrative directive issued on the subject. The Deputy Warden is to reply to all concerned parties and the Complaint Supervisor, within twenty-one (21) days of the appeal notice.

7. If any party disagrees with the decision of the Deputy Warden, an appeal to the Solicitor, for relief or determination by the Complaint Review Board, shall include a statement that the appeal is not being made without valid grounds and the reasons for granting the appeal and relief requested shall be set forth in writing.

8. Upon final disposition of a complaint, the packet of forms consisting of: the original complaint, acknowledgment, staff reports, the report of the Complaint Supervisor, and a copy of the appeals proceedings are to be filed numerically by the registry number.

F. Requests for Administrative Staff Interview:

All requests for an interview with an Administrative Staff member must be on the "Request Form" provided and must include some indication of the reason for the request.

Do not use an "801" form as a "Request."

C. Notice of Review

1. Grievances dealing with use of unreasonable force, threat of unreasonable force or commission of any crime, shall be forwarded to the Solicitor for review and reporting to the Prison Board, regardless of the disposition.

2. Grievances dealing with racial slurs, actual or threatened discrimination, shall be forwarded to the Solicitor for review and reporting to the Prison Board, regardless of the disposition.

3. Any grievance or category of grievance, shall be upon request of the Solicitor, forwarded to the solicitor for review and reporting to the Prison Board, regardless of the disposition.

## COMPLAINT REVIEW BOARD

A. Composition:

The Complaint Review Board shall be composed of a member of the Prison Board, the Warden or his designated replacement, and a civilian representative approved by the Prison Board, who shall serve for a four-year term. Such a representative may serve successive terms.

B. Legal Support

The County Solicitor shall provide legal support to the Complaint Review Board, and shall act as an impartial legal advisor to the Board. The Solicitor shall perform direct examination of witnesses, present such evidence as deemed appropriate, and assist the Complaint Review Board in making findings and recommendations.

C. Practice and Procedure

1. Rules of Evidence.

Strict rules of evidence shall not apply. Any item or matter which is relevant and material to the matter under consideration, may be considered by the Complaint Review Board.

2. Discovery.

The Complaint review Board's purpose is to obtain as much information concerning the subject matter as possible and may determine to allow a prisoner, or his representative, to have access to the matters investigate, if such access is approved by the Solicitor, and does not violate any privilege or jeopardize or inhibit any criminal investigation.

3. Right of Counsel.

Any Complainant shall have the right to be present before the complaint Review Board in person, or at the Complainants's cost, by counsel.

4. Record.

A verbatim record shall be made of all proceedings.

143

## COMPLAINT SUPERVISOR

### (Definition of Position)

### REQUIREMENTS:

1. The Complaint Supervisor must be currently employed at the York County Prison, and not on probationary status.

2. The Complaint Supervisor is appointed by the Warden of the York County Prison.

### DUTIES:

1. The Complaint Supervisor is charged with the collection and processing of all Inmate complaints properly entered into the Complaint Review System.

2. The Complaint Supervisor will investigate each complaint, keep accurate records relating to each complaint, and provide written reports for each complaint relating to action taken or recommendations made.

3. The Complaint Supervisor shall report to and is responsible to the Deputy Warden for Treatment of the York County Prison.

4. The Complaint Supervisor may be the Deputy Warden for Treatment. In the event the Deputy Warden for Treatment is acting as the Complaint Supervisor, he shall report to the Deputy Warden for Security.

### AUTHORITY

1. The Complaint Supervisor has the authority to:

   a. Question all staff members, Inmates, or other personnel working within the Prison setting relative to the circumstances of a given complaint.

   b. Direct any staff member, other personnel, or Inmate to file a written report relating to their specific knowledge or involvement relative to an incident entered into the Complaint Review System.

   c. Examine any evidence and records relating to the area of the complaint.

   d. Exercise broad flexibility and discretion in dealing with a complaint.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND V. GAYLE                :        CIVIL NO.  1:00-CV-0881
         Plaintiff               :
                              :
            v.                 :        (JUDGE WILLIAM W.CALDWELL)
                              :
TOM HOGAN (Warden)             :
ROGER THOMAS (Deputy Warden)   :
YORK COUNTY PRISON             :
         Defendants              :

## CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire certify that a true and correct copy of the foregoing

EXHIBITS TO DEFENDANTS' BRIEF IN SUPPORTOF A MOTION TO DISMISS

PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(B)(6) was caused to be served

on the date shown below by depositing same in the United States mail, first-class,

postage prepaid thereon, addressed as follows:

Desmond V. Gayle
York County Prison --  55438
3400 Concord Road
York, PA  17402

Respectfully submitted,

By: Donald L. Reihart

Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Dated:____9-15-00____          Assistant Solicitor for York County