UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DESMOND V. GAYLE, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 1:CV-00-881 |
| | : | |
| YORK COUNTY PRISON, | : | |
| THOMAS HOGAN, and | : | |
| ROGIS THOMAS, | : | (Judge Caldwell) |
| | : | |
| Defendants | : | |

**FILED**
**HARRISBURG, PA**

M E M O R A N D U M

**FEB 7 - 2001**

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

I.  Introduction

Desmond V. Gayle, a prisoner at the York County Prison, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he became ill from so-called foodloaf, the only food he was served while he was in solitary confinement for eight days.

The original complaint named only the York County Prison as the defendant. After we ruled that the prison was not a proper party in a section 1983 action, the Plaintiff filed an amended complaint naming Thomas Hogan, the warden, and Regis Thomas, the assistant warden as the defendants.

We are considering their motion to dismiss. We will grant the motion on the ground raised, the Plaintiff's failure to exhaust administrative remedies.

Certified from the record
Date 2-7-01
Mary E. D'Andrea, Clerk
Per _George T. Gardner_
Deputy Clerk

II.   Background

Gayle alleges that on April 15, 2000, he was unjustly placed in solitary confinement and fed "foodloaf" three times a day for eighteen days, becoming ill as a result. After he was taken to the medical department, he complained to the nurses, but they said they could not stop the foodloaf from being served because it was being used pursuant to a memorandum from the warden. As relief, Gayle seeks $3 million and a full investigation.

In filing his amended complaint, Gayle used the standard prisoner's civil rights form. In the section of the complaint entitled "Exhaustion of Administrative Remedies," he indicates there is a grievance procedure at the York County Prison and that he had filed a grievance concerning the facts alleged in his amended complaint. (Doc. 10 at 1). He further indicates that the grievance process was completed with respect to his claim.

In moving to dismiss, the Defendants argue that Gayle has failed to exhaust his administrative remedies by not complying with the administrative procedures. (Doc. 19, Exh. A). In support, they have attached the affidavit of defendant Thomas which confirms that Gayle has failed to comply with the required procedures. (Id., Exh. B). Specifically, they contend that Gayle merely wrote two letters, one to the Board of Commissioners of York County, Pennsylvania, and the other to the

2

warden, both written after he filed his complaint. Moreover, in each of the letters Gayle proposes to drop his lawsuit in exchange for his freedom. In the letter to the Board of Commissioners, Gayle wrote as follows:

> "My freedom is worth more than money. I need my freedom and I miss my family very much. Sometimes I cry tears because I am longing to see my family. If you give me my freedom and a work permit so that I am able to work I will drop the law suit. Case No. 1:CV-00-881."

(Id., Exh. B).

III. Discussion

In regard to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Thus, prisoners are required to exhaust available administrative remedies for claims about prison conditions before seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.

The Plaintiff alleges the Defendants violated his Eighth Amendment rights by improperly placing him in solitary confinement and feeding him "foodloaf." This is a complaint about prison conditions and hence subject to section 1997e's requirement of exhaustion of administrative remedies. See Booth

3

v. Churner, 206 F.3d 289 (3d Cir. 2000)(claim based on excessive force is a claim about conditions of confinement under section 1997e(a)), cert. granted, 121 S.Ct. 377, (U.S. Oct. 30, 2000) (No. 99-1964).

The Plaintiff has failed to exhaust those remedies. It is undisputed that a grievance procedure exists at the York County Prison. However, the Plaintiff failed to complete it, as the affidavit of Thomas shows. Significantly, the Plaintiff's brief in opposition to the motion to dismiss does not dispute the Defendants' evidentiary material on the exhaustion issue. Ignoring the issue completely, the brief argues instead the merits of the Eighth Amendment claim. (Doc. 22).

Thus, plaintiff's failure to comply with 42 U.S.C. § 1997e(a) warrants the dismissal of his complaint, but without prejudice. See Stewart v. Hands, No. 00-0245 (M.D. Pa. April 17, 2000) (Caldwell, J.); Williams v. Chesney, No. 99-2203 (M.D. Pa. April 17, 2000) (Kane, J.); Pew v. Imschweiler, No. 96-0760 (M.D. Pa. Sept. 12, 1996) (Kosik, J.); Johnson v. Gillis, No. 96-1569 (M.D. Pa. August 29, 1996) (Conaboy, J.); Lubawski v. Horn, No. 96-1371 (M.D. Pa. July 29, 1996 (Rambo, C.J.); Brooks v. Superintendent Lunk of Div. 10, 1996 WL 308268 (N.D. Ill.).

Also pending is Plaintiff's motion, filed June 12, 2000, to compel compliance with the administrative order of May 22, 2000. The Plaintiff contends that the Defendants are not properly following the mandates of the administrative order.

Specifically, he argues that the Defendants are "freezing" his account until the filing fee has been paid in full. Subsequent records received from the prison financial department reveal that Plaintiff's account is not frozen and that the Defendants are complying with the administrative order. This motion will be denied.

We will enter an appropriate order.

WILLIAM W. CALDWELL
United States District Judge

Date: February 7, 2001

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

FEB 7 - 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

DESMOND V. GAYLE, :
:
    Plaintiff :
:
v. : CIVIL NO. 1:CV-00-881
:
YORK COUNTY PRISON, :
THOMAS HOGAN, and :
ROGIS THOMAS, : (Judge Caldwell)
:
    Defendants :

### ORDER

AND NOW, this 7th day of February, 2001, it is ordered that:

    1. Defendants' motion (doc. 17) to dismiss the amended complaint is granted and the complaint is dismissed without prejudice, pursuant to 42 U.S.C. § 1997 e(a) for failure to exhaust administrative remedies.

    2. Plaintiff's motion (Doc. 7) to compel compliance with the administrative order of May 22, 2000, is denied.

    3. The Clerk of Court is directed to close this case.

    4. Any appeal from this order will be deemed not taken in good faith.

/s/ William W. Caldwell
WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*

February 7, 2001

Re:  1:00-cv-00881   Gayle v. York County Prison


True and correct copies of the attached were mailed by the clerk
to the following:

        Desmond V. Gayle
        CTY-YORK
        York County Prison
        55438
        3400 Concord Road
        York, PA  17402

        Donald L. Reihart, Esq.
        Law Offices of Donald L. Reihart
        2600 Eastern Blvd.
        Suite 204
        York, PA  17402


```
cc:
Judge                         (✓)            (✓) Pro Se Law Clerk L. Quinn
Magistrate Judge              ( )            ( ) INS
U.S. Marshal                  ( )            ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 (✓)
Federal Public Defender       ( )
Summons Issued                ( ) with N/C attached to complt. and served by:
                                  U.S. Marshal ( )   Pltf's Attorney ( )
Standard Order 93-5           ( )
Order to Show Cause           ( ) with Petition attached & mailed certified mail
                                  to: US Atty Gen    ( )   PA Atty Gen ( )
                                      DA of County   ( )   Respondents ( )
Bankruptcy Court              ( )
Other_____    ( )
```

                                              MARY E. D'ANDREA, Clerk

DATE: _____2-7-01_____          BY: _____
                                    Deputy Clerk