OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

| Marcia M. Waldron | FOR THE THIRD CIRCUIT | Telephone |
| Clerk | 21400 United States Courthouse | 267-299-4938 |
| | 601 Market Street | |
| | Philadelphia PA 19106-1790 | |

www.ca3.uscourts.gov

June 28, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

RE: Docket No. 01-1474
    Gayle  vs. York Cty Prison
    D. C. CIV. No. 00-cv-00881

RECEIVED
HARRISBURG, PA
JUL 02 2002
MARY E. D'ANDREA, CLERK
Per _____

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

(X) We return herewith the certified record in the case(s).

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By: Tonya Y. Wyche
Case Manager

Enclosure

cc:
    Mr. Desmond V. Gayle
    Donald L. Reihart, Esq.

MW:RB 7/2/02

BPS-169

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1474

FILED
HARRISBURG, PA

JUL 0 2 2002

MARY E. D'ANDREA, CLERK
Per _____

DESMOND V. GAYLE,

Appellant

v.

YORK COUNTY PRISON, THOMAS HOGAN, Warden; and ROGIS THOMAS,
Deputy Warden

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-0881)
District Judge: Honorable William W. Caldwell

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2002

Before: ALITO, MCKEE, AND ALDISERT, <u>CIRCUIT JUDGES</u>

**JUDGMENT**

This cause came on to be heard on the record from the United States District Court for the Middle District of Pennsylvania and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(b) or summary action under Third Circuit LAR 27.4 and I.O.P. 10.6. On consideration whereof, it is now here

ORDERED AND ADJUDGED by this Court that the judgment of the District Court entered February 8, 2001 be and the same is hereby affirmed. All of the above in accordance with the opinion of this Court.

ATTEST:

*[signature: Marcia M. Waldron]*

Clerk

DATED: June 6, 2002

Certified as a true copy and issued in lieu of a formal mandate on June 28, 2002

Teste: *[signature: Kathleen Brouwer]*
Acting Clerk, United Stated Court of Appeals for the Third Circuit

BPS-169 UNREPORTED - NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-1474

DESMOND V. GAYLE,

Appellant

v.

YORK COUNTY PRISON, THOMAS HOGAN, Warden; and ROGIS THOMAS,
Deputy Warden

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 00-cv-881)
District Judge: Honorable William W. Caldwell

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2002
Before: ALITO, MCKEE, AND ALDISERT, CIRCUIT JUDGES

(Filed: June 6, 2002 )

OPINION

PER CURIAM

Appellant Desmond Gayle appeals the district court's order dismissing his

amended prisoner civil rights complaint without prejudice for failure to exhaust

administrative remedies as required by 42 U.S.C. § 1997e(a). We have jurisdiction to review the final order of the district court pursuant to 28 U.S.C. § 1291. See Booth v. Churner, 206 F.3d 289, 293 fn. 3 (3d Cir. 2000); Nyhuis v. Reno, 204 F.3d 65, 68 fn. 2 (3d Cir. 2000). In his complaint filed against the warden and deputy warden of York County Prison, Gayle alleges that his Eighth Amendment rights were violated as a result of defendants' actions in placing him in solitary confinement and restricting his diet to so-called "foodloaf" for a period of eight days. Gayle requests compensatory damages in the amount of $3,000,000.00. The district court granted defendants' motion to dismiss, which asserted that Gayle had failed to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a).

We agree. Section 1997e(a), as amended by the Prison Litigation Reform Act of 1996 ("PLRA"), states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." As we held in Booth v. Churner, Congress made clear in the PLRA its intent to "subject *all* prisoner actions (save for habeas petitions) to § 1997e(a)'s exhaustion requirements." Id. at 296. Failure to exhaust is an affirmative defense to be pleaded by the defendant. Ray v. Kertes, 2002 WL 499454 at*6 (3d Cir. 2002). Here, the defendant prison officials pled failure to exhaust as an affirmative defense in their Rule 12(b)(6) motion. See id at *6 n.8 (affirmative defenses

may be considered on a Rule 12(b)(6) motion if the defense would "present[ ] an insuperable barrier to recovery by the plaintiff") (citing Flight Sys., Inc. v. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997)).

There is no indication in the record that Gayle ever utilized the prison's established grievance procedures to challenge the alleged Eighth Amendment violations. Though review of the record shows that a grievance procedure is indisputably in place at York County Prison, it also indicates that Gayle did not avail himself of the procedure. In their documents supporting their motion to dismiss, Defendants provided evidence that Gayle merely posted two letters, written *after* he had filed his complaint; he sent one to the Board of Commissioners of York County, Pennsylvania, and the other to the warden, offering in both to drop his lawsuit in exchange for his freedom. Gayle did not dispute the Defendants' evidentiary material on the exhaustion issue in his brief in opposition to the motion to dismiss, nor does he address the exhaustion issue in any of his documents relating to this appeal. Because Gayle failed to exhaust the administrative remedies available to him prior to initiating suit in federal court, the District Court properly dismissed his complaint without prejudice.

Having concluded that no substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court. In light of the foregoing, we also deny appellant's motion to be transferred, his motion for appointment of counsel, and his motions for release from custody.